# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER DAVIS, | No. CIV S-07-1751-FCD-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| FELKER, et al., | |
| Defendants. | |
| _____/ | |

Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint (Doc. 1), filed on August 27, 2007.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

# I. BACKGROUND

Plaintiff names the following three individuals as defendants:  Felker, Chocran, and Peterson.  Defendant Felker is the prison warden.  Plaintiff claims:

> On 10-17-06 while housed in the B-Gym facility 12 white inmates were attacked by 43 African-American inmates.  Due to the lack of safety concern and no papers being written up, I was placed back in the facility B-Gym on March of 07 with the same inmates who assaulted me on 10-17-06 and was assaulted once again on May 4, 2007.  This is clearly lack of concern for my health and safety.  After the assault of May of 07 they placed my in another gym with several of the inmates from the B-Yard incident.

Plaintiff seeks an investigation and compensatory damages.

# II. DISCUSSION

Plaintiff's complaint suffers from at least two defects.  First, plaintiff fails to link the alleged constitutional violation to any named defendant.  Second, plaintiff has not adequately alleged the liability of defendant Felker, who is a supervisory defendant.  Because more detailed allegations could cure these defects, the court will grant plaintiff leave to amend.  Plaintiff should keep the following legal principles in mind when drafting his amended complaint.

/ / /

1  To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual
2  connection or link between the actions of the named defendants and the alleged deprivations.
3  See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362
4  (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the
5  meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or
6  omits to perform an act which he is legally required to do that causes the deprivation of which
7  complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and
8  conclusory allegations concerning the involvement of official personnel in civil rights violations
9  are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the
10 plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged
11 constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

12 Supervisory personnel are generally not liable under § 1983 for the actions of their
13 employees. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no
14 respondeat superior liability under § 1983). A supervisor is only liable for the constitutional
15 violations of subordinates if the supervisor participated in or directed the violations, or had actual
16 knowledge of the violations and failed to act to prevent them. See id. When a defendant holds a
17 supervisory position, the causal link between him and the claimed constitutional violation must
18 be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v.
19 Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the
20 involvement of supervisory personnel in civil rights violations are not sufficient. See Ivey v.
21 Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /

### III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete. See Local Rule 15-220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action. See Ferdik, 963 F.2d at 1260-61; see also Local Rule 11-110. Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

/ / /

/ / /

/ / /

/ / /

1  Accordingly, IT IS HEREBY ORDERED that:
2      1.    Plaintiff's complaint is dismissed with leave to amend; and
3      2.    Plaintiff shall file a first amended complaint within 30 days of the date of
4  service of this order.

6  DATED: September 24, 2007.

                                              **CRAIG M. KELLISON**
                                              UNITED STATES MAGISTRATE JUDGE